IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN ADAMS, | ) | 8:13CV19 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNIVERSITY OF NEBRASKA | ) | |
| MEDICAL CENTER, and DR. | ) | |
| AIZENBERG, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Adams ("Plaintiff") filed his Complaint in this matter on January 14, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the University of Nebraska Medical Center and Dr. Aizenberg. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that Dr. Aizenberg, a surgeon at the University of Nebraska Medical Center, committed medical malpractice when she improperly performed two surgeries on Plaintiff's spine. (*Id.* CM/ECF p. 2.) Plaintiff is currently a nonprisoner, though at the time he filed his Complaint, he was incarcerated at the United States Penitentiary in Leavenworth, Kansas. (*Id.* at CM/ECF p. 8.)

Plaintiff alleges that he was in an automobile accident in May 2009, which caused him to suffer a broken back, broken ribs, a broken left shoulder blade, and a broken left leg. (*Id.* at CM/ECF p. 3.) Following this accident, Dr. Aizenberg performed two surgeries on Plaintiff's spine, after which Plaintiff was "in and out of" emergency rooms because of the "excruciating[]" and "unrelenting" pain. (*Id.* at CM/ECF p. 3.) On some unspecified date, Dr. Langley performed a third surgery on Plaintiff's spine during

which Dr. Langley "removed all hardware that was installed by Dr. Aizenberg, and replaced it with the appropriate hardware required by [Plaintiff's] injury." (*Id.* at CM/ECF p. 4.) Dr. Langley informed Plaintiff that "Dr. Aizenberg was not a spinal surgeon and had no business in [Plaintiff's] spine." (*Id.*) Plaintiff alleges that he "came to understand what Dr. Langley meant only after [he] acquired [his] medical records, which took until April 11, 2012, as a result of [his] being incarcerated." (*Id.* at CM/ECF p. 4.)

Plaintiff alleges that the University of Nebraska Medical Center "failed to have an administrative policy in place that forbids surgeons from performing operations on patients where they do not have the appropriate specialized background." (*Id.* at CM/ECF p. 5.) He also alleges that Dr. Aizenberg "made gross errors of judgement when deciding to perform the spinal operation on Plaintiff without proper knowledge of the procedure," she negligently inserted screws into Plaintiff's spine without specialized training and experience," and she "negligently left screws loose" in the hardware attached to Plaintiff's spine. (*Id.* at CM/ECF p. 5.) As relief, Plaintiff seeks $10,000,000.00, and for Defendants to pay "all future medical needs caused by the[ir] actions and inactions." (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.   DISCUSSION OF CLAIMS

Plaintiff's claims are state law claims against Defendants for medical malpractice. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, because Plaintiff is an Iowa citizen, Defendants are Nebraska citizens, and the alleged amount in controversy is greater than $75,000.00.  (*See* Filing Nos. 1 and 8.)  Accordingly, the court finds that Plaintiff's medical malpractice claims against the University of Nebraska Medical Center and Dr. Aizenberg may proceed to service.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's medical malpractice claims against Defendants may proceed and service is now warranted.

2.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send TWO summons forms and TWO USM-285 forms to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process.  The Marshal shall serve the summonses and Complaint without

payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: "**November 25, 2013**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 26th day of July, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.